SO ORDERED.

SIGNED this 12th day of March, 2020.



_Dale L. Somers_
Dale L. Somers
United States Chief Bankruptcy Judge

Designated for online use but not print publication

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| In Re: | |
| David Arlen Krien, | Case No.  17-21532 |
| | Chapter 7 |
| Debtor. | |
| Patricia E.  Hamilton, Chapter 7 Trustee, | |
| Plaintiff, | |
| v. | Adv.  No.  19-06036 |
| Bank of the Flint Hills, Federal Home Loan Bank of Topeka, and Colonial Savings, F.A., | |
| Defendants. | |

**Memorandum Opinion and Order Denying in Part and Granting in
Part Defendants' Motions to Dismiss**

Defendants Bank of the Flint Hills (the "Bank")[1] and Federal Home Loan Bank of Topeka (the "FHLB")[2] move to dismiss the Complaint filed by the Chapter 7 Trustee, Patricia E. Hamilton (the "Trustee") to avoid allegedly fraudulent transfers and to recover for alleged violations of federal consumer protection laws.[3] For the reasons, stated below, the Court dismisses the Complaint in part.

## I. Standard for ruling on motions to dismiss.

The motions to dismiss are brought pursuant to Bankruptcy Rule 7012,[4] which makes Federal Rule 12(b)(6)[5] applicable in this adversary proceeding. Federal Rule 12(b)(6) provides for dismissal if a complaint fails "to state a claim upon which relief can be granted." To withstand a Federal Rule 12(b)(6) motion to dismiss, a complaint must contain enough allegations of fact that, taken as true, "state a claim to relief that is plausible on its face."[6] "A claim for relief is plausible when the plaintiff pleads facts adequate

---

[1] Bank appears by R. Patrick Riordan and Erin A. Beckerman of Riordan, Fincher & Beckerman, PA.

[2] FHLB appears by James E. Bird and Daniel S. Dooley of Polsinelli PC.

[3] Trustee appears by Patricia E. Hamilton of Stevens & Brand, LLP.

[4] Fed. R. of Bankr. P. 7012. Sections of the Federal Rules of Bankruptcy Procedure will be referred to in the text as Bankruptcy Rule.

[5] Fed. R. of Civ. Pro. 12(b)(6). Sections of the Federal Rules of Civil Procedure will be referred to in the text as Federal Rule.

[6] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

to draw a reasonable inference that the defendant is liable for the alleged misconduct."[7] The task is to determine, assuming that the Trustee can prove her alleged facts, whether she has a claim as a matter of law.[8]

## II. Findings of Fact

### A. Background

Debtor David Arlen Krien filed a voluntary petition under Chapter 7 on August 9, 2017. The Trustee filed this adversary proceeding (the "Complaint") on July 31, 2019 against the Bank, the FHLB, and Colonial Savings, F.A.[9] The Bank and the FHLB filed their motions to dismiss on October 14, 2019 ("Motions").[10] An agreed order dismissing Colonial Savings, F.A. was filed on November 18, 2019.[11]

---

[7] *McDonaled v. Wise*, 769 F.3d 1202, 1210 (10th Cir. 2012) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

[8] *Cressman v. Thompson*, 719 F.3d 1139, 1141 (10th Cir. 2013).

[9] This Court has jurisdiction over the parties and the subject matter pursuant to 28 U.S.C. §§ 157(a) and 1334(a) and (b), and the Amended Standing Order of Reference of the United States District Court for the District of Kansas that exercised authority conferred by § 157(a) to refer to the District's bankruptcy judges all matters under the Bankruptcy Code and all proceedings arising under the Code or arising in or related to a case under the Code, effective June 24, 2013. D. Kan. Standing Order No. 13-1, *printed in* D. Kan. Rules of Practice and Procedure at 168 (March 2014). Furthermore, this Court may hear and finally adjudicate this matter because it is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(H), (F), & (O). There is no objection to venue or jurisdiction over the parties.

[10] Docs. 22 & 24.

[11] Doc. 35.

The Trustee seeks to avoid as fraudulent Debtor's transfers to the Bank of a mortgage and a security agreement granted in January 2016 and a mortgage granted in June 2017. She also seeks damages for violations of the Truth in Lending Act, 15 U.S.C. §§ 1601-1667f ("TILA") and the Real Estate Settlement Procedures Act, 27 U.S.C. § 2601-2617 ("RESPA") in the 2016 transaction. According to the allegations of the Complaint, the mortgages and security agreement were granted to the Bank by Debtor with the intent to hinder and delay the collection of a judgment obtained by a third-party creditor, Kansas Pacific Investment, against the Debtor in a case in Barton County, Kansas District Court ("Barton County Case"). The FHLB is alleged to be the current holder of the June 2017 Mortgage which the Trustee seeks to avoid.

The complex factual allegations are stated in 122 paragraphs of the Complaint. They include events from 2012 through 2017 involving multiple financial transactions between the Debtor, the Bank, and third parties. Because the Motions to dismiss are based upon issues of law, the Court will address only those factual allegations directly relevant to the legal issues presented.

**B.     Allegations of the Complaint**

4

On August 9, 2013, Kansas Pacific Investments filed an amended petition in the Barton County Case seeking a judgment against Debtor related to loans to Debtor's limited liability companies. On January 11, 2013, Debtor and his wife created the Krien Trust, a self-settled, revocable trust, naming Debtor and his wife as co-trustees.

In October 2015, Debtor made inquiry to the Bank about a loan to finance the purchase of a home. Sometime before January 4, 2016, Debtor and his wife entered into a contract for the purchase of a residence located on Limestone Court, in Hays, Kansas for $310,000 (the "Hays Residence"). On January 7, 2016, Debtor, as trustee of the Krien Trust, signed a promissory note for $311,201.17 ("Home Loan"), prepared by the Bank. The loan proceeds were disbursed to a title company for purchase of the Hays Residence by the Krien Trust.

No consumer loan disclosures were provided to Debtor in connection with the Home Loan. The Home Loan states on its face that the purpose is "Agricultural." To secure the Home Loan, Debtor, as Trustee of the Krien Trust, executed a mortgage of farm ground located in Cheyenne County (the "Cheyenne County Mortgage"), previously valued at $142,800, and a security agreement granting the Bank a security interest in all deposit accounts, including a money market account with a balance of $197,000. The Trustee

5

alleges that Debtor executed the Cheyenne County Mortgage and the Security Agreement with the intent to hinder, delay, or defraud Kansas Pacific Investments.

On October 12, 2016, Kansas Pacific Investments obtained a judgment against Debtor in the approximate of $1.4 million. Debtor signed a document entitled Resignation dated November 16, 2016, which states he terminates any interest and claim to the Krien Trust.

The Home Loan initially matured on March 10, 2016. As the result of several transactions involving the Bank, Debtor, Debtor's wife, Debtor's business associate, and Debtor's attorney, in 2017 the maturity of the Home Loan was extended and the note paid in part. On June 12, 2017 a homestead affidavit was executed stating that Debtor and his wife owned and occupied the Hays Residence as their homestead since January 8, 2016. On June 14, 2017, the title to the Hays Residence was transferred from the Krien Trust to Debtor and his wife individually.

On June 19, 2017, the Debtor and his wife signed a real estate mortgage (the "June 2017 Mortgage") of the Hays Residence in favor of the Bank securing a $147,000 note signed only by Debtor's wife. Approximately $61,000 of the loan proceeds were paid to the Bank to satisfy the Home Loan. In July 2017, property located in Cheyenne County, including the property

which had been subject to the Cheyenne County Mortgage securing the Home Loan, was conveyed to Debtor's business associate, allegedly for less than its value. The Trustee alleges that Debtor's creditors were damaged by the June 2017 Mortgage as it permitted Debtor to complete the fraudulent transfer of the Cheyenne County Property to a business associate for less than reasonably equivalent value.

## C. The Court takes judicial notice of additional facts[12]

Debtor filed for relief under Chapter 7 on August 9, 2017 and claimed the Hays Residence as his exempt homestead. On April 26, 2018, the Trustee objected to some exemptions, including the homestead.[13] She prayed that the homestead exemption claim asserted by Debtor be denied under 11 U.S.C. § 522(o) or limited under § 522(p).[14] This adversary case was filed on July 31, 2019. On October 23, 2019, an Agreed Order granting the Trustee's motion to approve settlement and compromise of the Trustee's objection to exemptions

---

[12] When ruling on a motion to dismiss, a court may take judicial notice of facts in its own record. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007); *Berneike v. CitiMortgage, Inc.*, 708 F.3d 1141, 1146 (10th Cir. 2013); *St. Louis Baptist Temple, Inc. v. Federal Deposit Ins. Corp.*, 605 F.2d 1169, 1172 (10th Cir. 1979).

[13] Case no. 17-21532, Doc. 64.

[14] Future statutory references are to title 11 of the United States Code, unless otherwise noted.

and other claims against Debtor and his wife was entered.[15] It provides that Debtor will cooperate with the Trustee regarding claims against third parties who received prepetition transfers and that upon timely payment of an agreed amount, the Trustee will submit an order denying the objection to exemptions and other matters. Paragraph 19 of the Agreed Order states, "Trustee reserves all rights in regard to claims and causes of action against third parties including but not limited to Bank of the Flint Hills, Federal Home Loan Bank of Topeka, Colonial Savings" and others.[16]

## III. Conclusions of Law

### A. Count I - Avoidance of the June 2017 Mortgage as a Fraudulent Conveyance as to the Bank and the FHLB pursuant to §§ 544(a)(2) and 548(a)(1)(A) and K.S.A. 33-204(a)(1).

The Trustee alleges that she is entitled to judgment against the Bank and FHLB under § 544, § 548(a)(1)(A), and K.S.A. 33-204(a)(1) avoiding the June 2017 Mortgage as a fraudulent transfer done with intent to hinder, delay or defraud a creditor. The Defendants[17] argue that dismissal of the § 544 and Kansas law claim are appropriate because the mortgaged property is

---

[15] *Id.*, Doc. 155.

[16] *Id.* at 4-5.

[17] The Bank briefed this issue (Doc. 25, p.7), and the FHLB adopted the Bank's arguments (Doc. 23, p.7).

8

Debtor's exempt homestead and the Trustee has not properly alleged a claim under § 548.

1.    **Because the Hays Residence is Debtor's Kansas homestead, Count I fails to allege a claim upon which relief can be granted against the Bank and the FHLB for avoidance of the June 2017 mortgage under § 544(a)(2).**

Section 544(a)(2) grants a trustee the rights of a creditor with an execution against a debtor that is returned unsatisfied at the time of commencement of the bankruptcy case. Under this subsection, the trustee may invoke the remedies provided by state law to such a creditor.[18] However, a trustee's powers to avoid prepetition transfers of property under § 544 are limited to property that absent the transfer would have been "property of the estate on which a creditor could have obtained a judicial lien under applicable nonbankruptcy law."[19]

In this case, when seeking to avoid the June 2017 Mortgage under § 544(a)(2), the Trustee relies on the Kansas Uniform Fraudulent Transfer Act, codified at K.S.A. 33-201 et. seq.  For purposes of that Act, "transfer" is defined as "every mode, direct or indirect . . . of disposing or parting with an

---

[18] *Rupp v. Duffin (In re Duffin)*, 457 B.R. 820, 829  (10th Cir. BAP  2011).

[19]  William L. Norton, Jr. and William L. Norton III, *Norton Bankruptcy Law & Practice 3d*, § 63.5 (Thompson Reuters 2019).

9

asset or an interest in an asset."[20] An "asset" is defined as property of the debtor, but does not include "property to the extent it is generally exempt under nonbankruptcy law."[21] K.S.A. 33-204(a)(1) defines as fraudulent as to present and future creditors "[a] transfer made . . . [w]ith actual intent to hinder, delay or defraud any creditor of the debtor."

The Defendants contend that because Debtor claims the Hays Residence as his exempt homestead, the Trustee cannot avoid the June 2017 Mortgage of Debtor's interest as a matter of law. The Court agrees that to avoid the June 2017 Mortgage, the Trustee, as an element of her claim, must prove that the asset transferred was not exempt under nonbankruptcy law. This burden is placed on the Trustee by the definitions of asset and transfer in K.S.A. 33-201.

Debtor filed a list of property he claimed as exempt; it includes the Hays Residence as his Kansas exempt homestead. Section 522(l) provides, "[u]nless a party in interest objects, the property claimed as exempt on such list is exempt." Even though Debtor's claim of exemption was filed long before the adversary proceedings and the Trustee was fully aware of the exemption claim, the Complaint does not allege that the Hays Residence is not exempt

---

[20] K.S.A. 33-201(l).

[21] K.S.A. 33-201((b)(2).

under Kansas law, therefore failing to include a necessary element of avoidance under § 544(a)(2).

In response to the Defendants' argument, the Trustee argues that the claim should not be dismissed because she filed a motion objecting to Debtor's homestead exemption in the underlying Chapter 7 case.[22] Although an Agreed Order resolving the objection as to Debtor preserved his homestead exemption claim,[23] the Trustee relies upon paragraph 19 of the Agreed Order which she contends preserves her right to avoid the lien in this litigation despite its homestead status. That paragraph states:

> Trustee reserves all rights in regard to claims and causes of action against third parties including but not limited to Bank of the Flint Hills, Federal Home Loan Bank of Topeka, Colonial Savings, . . . . The Court finds that the Debtor stipulates and acknowledges that the Trustee has filed an adversary proceeding to avoid the lien granted by the Debtor to the Bank of the Flint Hills and that the resolution of the Trustee's Objection to Exemption as set out in this Order and any other order entered in regard to the exemption does not alter, amend, or limit the Trustee's rights under Section 522(g) in regard to avoidance of a lien on the Debtor's homestead.[24]

---

[22] Case no. 17-21532, Doc. 64.

[23] *Id.* Doc. 155.

[24] *Id.* at 4-5.

11

The Court finds that the Trustee's argument fails. The basis for her objection to Debtor's homestead exemption in the underlying case is federal bankruptcy law, specifically § 522(o), which limits an exempt homestead interest based upon fraudulent conduct, and § 522(p), which places a monetary limit on a homestead interest acquired during the 1,215 day period before filing. Under the Kansas Uniform Fraudulent Conveyance Act, conveyances of assets that are exempt under nonbankruptcy law cannot be avoided. The Trustee has never alleged that the Hays Residence is not exempt under Kansas law, and the time period to object to the exemption under state law has expired.[25]

The Court finds that Count I fails to state a claim for relief against the Defendants for avoidance of the June 2017 Mortgage under § 544(a)2).

> **2. The Count I claim for avoidance against the Bank and the FHLB under § 548(a)(1)(A) for fraudulent transfer of the June 2017 Mortgage is not deficient because it fails to specifically allege the value of the property that Debtor transferred.**

The Defendants contend Count I fails to state a claim upon which relief may be granted for avoidance of the June 2017 Mortgage under § 548 because the Trustee has failed to allege with particularity the value of the property transferred. According to the Defendants, to state a claim under §

---

[25] *See* Fed. R. Bank. P. 4003(b).

548(a)(1)(A) for avoidance of a fraudulent transfer of property made with actual intent to hinder, delay, or defraud a creditor, the complaint must allege with particularity "the amount of the transfer (or if the transfer was property rather than money, the property transferred and the value)." In her Complaint, the Trustee identifies the property transferred, Debtor's interest in the Hays Residence, and states that the appraised value in June 2017 was $340,000. The Defendants argue that the Complaint is deficient because it does not value Debtor's portion of the value of the whole property.

When arguing that a Complaint must not only identify the property interest transferred but also its value, the Defendants rely on *Rajala v. Husch Blackwell, LLP (In re Generation Resources Holding Co.*[26] That case states that when pursuing a claim under § 548(a)(1)(A) the Trustee must allege: (1) the date of transfer; (2) the amount of the transfer (or if the transfer was property rather than money, the property transferred and the value); (3) the name of the transferor; (4) the name of the initial transferee; and (5) consideration paid, if any, for the transfer.[27]

---

[26] No. 08-20957-7, adv. no. 18-6020, 2018 WL 4028777, *8 (Bankr. D. Kan. Aug. 20, 2018).

[27] *Id.* at *6 (*citing Spradlin v. Pryor Cashman LLP (In re Licking River Mining, LLC)*, 565 B.R. 794, 809 (Bankr. E.D. Ky 2017)).

13

The Court declines to find the Complaint deficient because the it does not allege the value of the lien transferred by the Debtor. Section 548 provides no basis for requiring the allegation of the value of the transferred property. Case law does not uniformly hold that the value of property transferred is an essential element.[28] A handbook on bankruptcy litigation does not include value of the transferred property as an element.[29] The authority cited by the Defendants is not persuasive. The list of elements in that case was adopted without analysis from a Kentucky case,[30] that in turn had adopted it without analysis from a Michigan case.[31] The Michigan case discussed the basis for its statement of elements, but that discussion was silent about the value of property transferred. None of these cases examined or applied the requirement that a complaint identify the property allegedly transferred and its value.

---

[28] *E.g., Doeling v. O'Neill (In re O'Neill)*, 550 B.R. 482, 497 (Bankr. D.N.D. 2016) (stated elements for § 548(a)(1)(A) transfer of property do not include value); *see also Miner v. Bay Bank & Trust (In re Miner)*, 185 B.R. 362, 365 (N.D. Fla. 1995) aff'd 83 F.3d 436 (11th Cir. 1996) (stated elements for § 548(a)(2) claim do not include value).

[29] 3 Howard J. Steinberg, *Bankruptcy Litigation* § 17.120 (Oct. 2019), available at Westlaw Bankruptcy Litigation (list of elements that must be pleaded in § 548 complaint do not include value).

[30] *In re Licking River Mining, LLC*, 565 B.R. at 809.

[31] *Gold v. Winget (In re NM Holdings)*, 407 B.R. 232, 261 (Bankr. E.D. Mich. 2009).

14

This Court finds that a complaint under § 558(a)(1)(A) must identify the property allegedly transferred.[32] In some situations a statement of value could be needed for sufficient identification, but valuation per se is not required. In this case, the Complaint adequately identifies the property interest alleged to have been fraudulently transferred. It is Debtor's interest in the Hays Residence, a property that was appraised to be worth $340,000 when Debtor granted the June 2017 Mortgage. The extent to which the Trustee is alleging that the value provided to the Bank was Debtor's interest, as opposed to his wife's interest, is a matter which can be ascertained through discovery.

The Court denies the Defendants' motions to dismiss the § 548(a)(1)(A) claim on this basis.

### 3. Count I fails to state a claim for avoidance under §§ 544(a)(2) and 548(a)(1)(A) against the FHLB because none of Debtor's property was transferred to the FHLB.

In addition to adopting the Bank's arguments, the FHLB argues that the Complaint fails to state a claim against it for avoidance of the 2017 Mortgage because it acquired its interest in the Hays Residence by transfer from the Bank, not Debtor. The Trustee does not refute this position.

As the FHLB points out, § 544 provides for avoidance of a "transfer of property of the debtor or an obligation incurred by the debtor" and §

---

[32] *Off. Comm. of Unsecured Creditors v. JB Morgan Chase Bank, N.A. (In re M. Fabrikant & Sons, Inc.)*, 394 B.R. 721, 733 (Bankr. S.D.N.Y. 2008).

548(A)(1)(A) provides for avoidance of "an interest of the debtor in property or any obligation . . . incurred by the debtor." The common element of both sections is transfer of property of the debtor. Nothing is transferred by the debtor when the original lender transfers a mortgage given to it by a debtor to a subsequent holder of the secured note. Therefore there is no transfer of property by a debtor to the subsequent holder that can be avoided under § 544 and § 548(a)(1)(A).

It this case it is undisputed the FHLB acquired the 2017 note and the 2017 Mortgage from the Bank. Debtor made no transfer of property to the FHLB and the Trustee has no avoidance or fraudulent transfer claim against the FHLB. For this reason, Count I of the Complaint is dismissed in its entirety against the FHLB.

**B.    Count II - Claim Against the Bank for Avoidance of the Cheyenne County Mortgage and the Security Agreement as Fraudulent Transfers pursuant to § 544, § 548(A)(1)(A), and K.S.A. 33-204(a)(1).**

The Trustee seeks to avoid the Cheyenne County Mortgage and the Security Agreement given to the Bank to secure the Home Loan in January 2016 as fraudulent transfers done with the intent to hinder, delay, or defraud Debtor's creditor. The Bank moves to dismiss Count II contending that there was no transfer of any property of Debtor because the security documents were executed by Debtor as trustee of the Krien Trust, not individually. The

Trustee responds that under Kansas law, Debtor as trustee and beneficiary of a revocable self settled trust had an interest in the property transferred for the purpose of the avoidance claims.

Sections 544 and 548(a)(1)(A) provide a trustee with the power to recover property of a debtor transferred by the debtor prepetition. Both sections look to state law to determine if the debtor had a property interest in the asset at issue.[33] In Kansas, "the property held by a self-settled, revocable trust is available to satisfy the settlor's creditors unless the property is specifically exempted from levy, attachment, or executions by" statute.[34] The Kansas Supreme Court in response to a question certified by the United States Court of Appeals for the Tenth Circuit, held that the beneficiary of a self-settled living revocable trust has an equitable interest in real property held by the trust sufficient for application of the homestead exemption as long as the debtor occupies the real property.[35] Since the property interest of a beneficiary is sufficient for the attachment of the homestead exemption, the court knows of no reason why it is not also sufficient as an interest in

---

[33] *Butner v. United States*, 440 U.S. 48 (1979).

[34] *Redmond v. Kester*, 284 Kan. 209, 218, 159 P.3d 1004, 1011 (2007).

[35] *Id.*, 284 Kan. at 210, 159 P.2d at 1006.

17

property for purposes of lien avoidance.[36] Such trust assets are therefor deemed "an interest of the debtor in property" for purposes of § 548.

The Court therefore holds that Debtor had an interest in the Cheyenne County real property transferred to the Bank by the 2016 Cheyenne County Mortgage and in the personal property transferred to the Bank by the Security Agreement, even though the Krien Trustee was the title holder immediately before the transfers. The fact that Debtor's wife was also a beneficiary of the Krien Trust may give rise to questions about the extent of Debtor's equitable interest, but it does not defeat the fact that Debtor had such an interest. Contrary to the Bank's argument, the Court finds that the necessary elements of a § 548 claim are adequately alleged.

The Court denies the Bank's motion to dismiss Count II.

### C. Count III - Claim against the Bank for Alleged Violations of the TILA and RESPA.[37]

---

[36] Massachusetts law, like Kansas law, holds that property transferred to a revocable trust may be reached by the settlor's creditors. *Braunstein v. Grassa (In re Grassa)*, 363 B.R. 659, 655-56 (Bankr. D. Mass. 2007).

[37] Count III alleges that consumer protection statutes were violated with respect to the January 2016 Home Loan. The title to Count III references § 547 and the prayer for relief includes, among many other things, a request the Court to find that "the payment of $61,425.05 on June 23, 2017 in connection with the June 2017 Loan was a preference." Doc. 1, ¶ 185. Otherwise there is no reference in Count III to events in June 2017 or to the elements of a preference. The Court therefore regards the § 547 reference as a mistake, rather than a claim for relief.

Count III alleges that the Bank falsified the purpose of the $311,000 Home Loan to avoid compliance with consumer lending laws and took real property as collateral for a consumer loan without compliance TILA,[38] RESPA,[39] and Regulation Z.[40]  The only specific reference in the Complaint to any of these laws is to 12 C.F.R. § 1026.19(e)(1) and (f)(1), requiring early and final disclosures in mortgage loan transactions.

The relief sought by the Trustee is wide ranging. Paragraph 185 of the Complaint states:

> Given all the facts, the Court should enter a judgment against Bank of the Flint Hills for its violations under TILA, RESPA, and Regulation Z, including but not limited to an award of fines, penalties, and attorney's fees to the Bankruptcy Estate as provided under TILA, RESPA, and Regulation Z; make a finding that its Security Agreement and the Cheyenne County Mortgage were invalid and unenforceable as a result of the willful violations of TILA, RESPA, and Regulation Z; . . .;[41] grant judgment to the Trustee under 11 U.S.C. § 547 against Bank of the Flint Hills for $61,425.05, and require Bank of the Flint Hills to refund all interest, fees, and costs collected in regard to the $311,000 home loan.[42]

---

[38] 15 U.S.C. §§ 1601-1666j.

[39] 12 U.S.C. §§ 2601-2617.

[40] 12 C.F.R. § 1026.1 *et. seq.*

[41] The omitted language is the prayer for relief under § 547 referred to in note 36 above.

[42] Doc. 1, ¶185.

The Bank's arguments in support of dismissal as stated in its motion to dismiss are likewise wide ranging, but thinly supported.[43] Discussion of the two defenses which the Bank continues to pursue after the Trustee filed her response follows.

1. **The Trustee's claim for damages for violation of Regulation Z is barred by the one year statute of limitations.**

Regulation Z implements the TILA. The Trustee alleges violation of Regulation Z, 12 C.F.R. § 1026.19(e)(1) and (f)(1), which require two sets of disclosures in closed-end consumer credit transactions secured by real property. Claims for damages under the TILA must be brought "within one year from the date of the violation."[44] In this case the Home Loan was closed on January 6, 2016. Any disclosures required by Regulation Z were required to be delivered prior to that date. This action was filed on July 13, 2019, more than one year later.

---

[43] Doc. 39, pp. 10-12. These arguments include the position that the RESPA and TILA statutes do not apply to security agreements or to nonresidential mortgage transactions. Because the Court finds that the Trustee is pursuing a claim only for noncompliance with Reg Z, not specific sections of the TILA or RESPA, these two contentions are not addressed.

[44] 15 U.S.C. § 1640(e); *see Blue v. Fremont Inv. & Loan*, 562 F, Supp.2d 33, 43 (D.D.C. 2008) (claims for monetary damages under TILA and RESPA each subject to one-year statute of limitations); *Marshall-Ford v. Wells Fargo Mortg.*, no. 08-15277, 2009 WL 2849524 (D.E.D. Mich. Aug.31, 2009).

20

The Trustee argues that the case was nevertheless timely filed because there were extensions/modifications of the Home Loan on March 22, 2016, October 4, 2016, and February 27, 2017.[45] The Court rejects this argument for two reasons. First, the Trustee provides no authority supporting her position that a loan extension or modification expands the period in which to sue for damages for violations when making the loan. Second, Regulation Z provides that a refinancing, which is a considered to be a new transaction requiring new disclosures, "occurs when an existing obligation that was subject to this subpart is satisfied and replaced by a new obligation undertaken by the same consumer."[46] The Complaint does not allege the three transactions relied upon to extend the statute of limitations were a satisfaction and replacement of the Home Loan.

The Court concludes that the Trustee's claim for damages for violation of Regulation Z is barred by the one year statute of limitations.

### 2. The fact that the Krien Trust, rather than Debtor individually, was the borrower in January 2016 does not make 12 C.F.R. § 1026.19 inapplicable.

The Bank also argues that the Trustee cannot recover under the TILA because the TILA does not apply to loans to a trust. The Bank relies on 15

---

[45] Doc. 1, ¶¶ 54, 59, and 77.

[46] 12 C.F.R. § 226.20(a).

U.S.C. § 1603(1), which states that the act does apply to "credit transactions . . . to organizations" and 15 U.S.C. § 1602(d), which states that the term "organization means a corporation, government . . . , trust, estate, partnership or association."

In response, the Trustee points out that although the statutes and Regulation Z[47] exclude extension of credit to other than natural persons from TILA coverage, the official staff commentary interpreting the exclusion states credit extended for consumer purposes to trusts for estate planning purposes is covered.[48] Although the applicability of this commentary to this case is not crystal clear, the Court declines to hold that the Trustee's claims for TILA violations is precluded because the Krien Trust, rather than the Debtor individually, was the borrower.

The Court grants the Bank's motion to dismiss Count III.

### D.     Count IV - Recovery of Avoided Transfers under §§ 550 and 551 Against the Bank and the FHLB.[49]

Dismissal of Count IV as to the Bank is dependent upon whether the Trustee may avoid any transfers under Counts I and II. As found above, the

---

[47] 12 C.F.R. § 1026.3

[48] 12 C.F.R. Pt.1026, Supp. I, Pt.1, § 1026.3, 3(a), ¶10(i).

[49] The Complaint also alleges a right to recover from the Bank under § 542, turnover of property by a custodian. The Court fails to see the relevancy of § 542 to this case. When responding to the motions to dismiss, the Trustee did not pursue this claim. The Court therefore concludes that its inclusion was an error.

Court finds that Count I fails to state a claim against the Bank under § 544(a)(2) as to the June 2017 Mortgage. However, the Court declines to dismiss the § 548(a)(2)(a) avoidance claim as to the June 2017 Mortgage and the § 544(a)(2) and the § 548(a)(1)(A) claims as to the Cheyenne County Mortgage and the Security Agreement. Since these avoidance claims remain, the Trustee's Complaint states claims for relief against the Bank under §§ 550 and 551.

As discussed above, the Court finds that Count I fails to allege a claim against the FHLB on which the Trustee can be granted relief. The FHLB is not a defendant in Count II, the second avoidance count. Since there are no viable avoidance claims against the FHLB, it cannot be liable as a transferee of an avoided transfer under § 550(a)(1).

However, the FHLB is the transferee from the Bank of the June 2017 Mortgage, and Count I of the Complaint Trustee states a claim against the Bank under § 548 for avoidance of that transfer. The Trustee therefore has a potential claim under § 550(a)(2) against the FHLB as a subsequent transferee of an avoided transfer.

The FHLB nevertheless moves to dismiss. Section 550(b)(1) provides that the trustee cannot recover from a subsequent transferee, such as the FHLB, "that takes for value, including satisfaction or securing of a present or

antecedent debt, in good faith, and without knowledge of the voidability of the transfer avoided." According to the FHLB, the Complaint is deficient because it does not allege the absence of value, the lack of good faith, and knowledge of the voidability of the 2017 Mortgage. The Court rejects this argument. Subsection 550(b)(1) "provides an affirmative defense, and the transferee relying on the defense has the burden of proof."[50] The Trustee has no obligation in her Complaint to negate the FHLB's affirmative defenses.

## III.    Conclusion

The Motions are granted in part and denied in part.  The motions to dismiss Count I, avoidance of the June 2017 Mortgage under § 544(a)(2), are granted as to the Bank and the FHLB. The motions to dismiss Count I, avoidance of the June 2017 Mortgage under § 548(a)(1), are denied as to the Bank and granted as to the FHLB. The motion to dismiss Count II against the Bank for avoidance of the Cheyenne County Mortgage and the Security Agreement under §§ 544(a)(2) and 548(a)(1), is denied. The motion to dismiss Count III against the Bank for violations of RESPA, TILA, and Reg Z. is granted. The motion to dismiss Count IV against the Bank and the FHLB for recovery of avoided transfers is denied.

---

[50] *Redmond v. Brooke Holdings, Inc. (In re Brooke Corp.)*, 515 B.R. 632, 639 (Bankr. D. Kan. 2014). *See Redmond v. NCMIC Finance Corp. (In re Brooke Corp.)*, 568 B.R. 378, 417 (Bankr. D. Kan. 2017) (referring to § 550(b)(1) and the "for-value-in -good-faith defense").

It is so ordered.

### ###